UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN G. WESTINE,

       Petitioner,

v.

E.A. STEPP, Warden,

       Respondent.

Case No. 02-cv-532-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the December 7, 2005, order for petitioner John Westine to show cause why he should not be sanctioned for repeated attempts to misuse petitions under 28 U.S.C. § 2241 to attach his September 1993 sentence imposed by the U.S. District Court for the Central District of California in Case No. CR90-263-R (the "revocation sentence").[1]

As the Court noted in its prior order, Westine has tried at least three times before now to attack the revocation sentence via a § 2241 petition when he should have done so in a § 2255 motion. His first attempt was in *Westine v. Perrill*, No. 94-1533, 1995 WL 397065 (10th Cir. Jul. 7, 1995). The second was the § 2241 petition filed in this case. In the Court's order dismissing Westine's § 2241 petition in this case, the Court warned Westine that should he continue to pursue frivolous § 2241 cases attacking the revocation sentence, the Court would consider sanctioning him. The third attempt was a motion to reopen this case. All three attempts were dismissed.

In light of these repeated collateral attacks on the revocation sentence via § 2241, a clearly inappropriate vehicle for such attacks, on December 7, 2005, the Court ordered Westine to show cause why he should not be fined $1,000 and, until he pays the fine, why any papers submitted on his behalf should not be returned unfiled with the exception of criminal cases and habeas corpus applications not

---

[1]The Court has set forth Westine's conviction history in its order disposing of this case and need not repeat it here.

collaterally attacking his conviction in the Southern District of Ohio in Case No. CR-1-91-127 or his conviction in the Central District of California in Case No. CR90-263-R. The Court further warned Westine that if he failed to show cause by December 30, 2005, the Court would enter such a sanction against him.

On December 23, 2005, Westine filed a purported response to the order to show cause (Doc. 50). However, instead of addressing the Court's points regarding his vexatious pattern of frivolous filings, he again argues that the revocation sentence imposed on him by the U.S. District Court for the Central District of California is invalid. Such argument is nonresponsive to the Court's request that Westine demonstrate why he should not be sanctioned.

**IT IS THEREFORE ORDERED** that petitioner **JOHN G. WESTINE**, B.O.P. Register **#93555-012,** is fined **$1,000 (ONE THOUSAND DOLLARS)**.

**IT IS FURTHER ORDERED** that until he pays the fine, **ANY AND ALL PAPERS SUBMITTED ON HIS BEHALF IN THIS DISTRICT WILL BE RETURNED UNFILED**, with the exception of criminal cases and habeas corpus applications NOT collaterally attacking his conviction in the Southern District of Ohio in Case No. CR-1-91-127 or his conviction in the Central District of California in Case No. CR90-263-R.

**IT IS FURTHER ORDERED** that if Westine persists in attempting to file frivolous applications in this District to attack his conviction in the Southern District of Ohio in Case No. CR-1-91-127 or his conviction in the Central District of California in Case No. CR90-263-R, the fine will go up for each attempted filing.

**IT IS SO ORDERED.**
**DATED: January 5, 2006**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**